UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TODD A. DICKSON, II, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-40-HAB-SLC |
| CHRIS NEWTON, DEBBIE MEIER, and ASHLEY TINKLE, | |
| Defendants. | |

OPINION AND ORDER

Todd A. Dickson, II, a prisoner without a lawyer, filed an amended complaint alleging he is being denied constitutionally adequate medical care at the Huntington County Jail. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dickson alleges he is an indigent pre-trial detainee. He alleges he suffers from dental pain related to tooth decay and infection. He alleges Sheriff Chris Newton, Jail Commander Debbie Meier, and Nurse Ashley Tinkle have collectively decided to refuse to provide him medical treatment. Pretrial detainees are entitled to constitutionally

adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (2024). Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 572 (emphasis omitted). Whether a defendant actually knew the action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). Applying this standard, the amended complaint states a claim for monetary damages.

Dickson also seeks injunctive relief. In his official capacity, Sheriff Newton has both the authority and the responsibility to ensure Dickson receives constitutionally adequate medical treatment as required by the Fourteenth Amendment. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Dickson will be granted leave to proceed against Sheriff Newton for permanent injunctive relief.

For these reasons, the court:

(1) GRANTS Todd A. Dickson, II, leave to proceed against Sheriff Chris Newton, Jail Commander Debbie Meier, and Nurse Ashley Tinkle in their individual capacities for compensatory and punitive damages for denying him medical treatment for dental pain and infection in violation of the Fourteenth Amendment;

(2) GRANTS Todd A. Dickson, II, leave to proceed against Sheriff Chris Newton, his official capacity for injunctive relief to obtain medical treatment for dental pain and infection as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Ashley Tinkle at Quality Correctional Care, LLC, with a copy of this order and the amended complaint (ECF 5);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Chris Newton and Jail Commander Debbie Meier at the Huntington County Jail, with a copy of this order and the amended complaint (ECF 5);

(6) ORDERS Quality Correctional Care, LLC, and the Huntington County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Chris Newton, Jail Commander Debbie Meier, and Nurse Ashley Tinkle to respond, as provided for in the

Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 15, 2024.

                                               s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT